UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH F. WILSON, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>    Defendant. | Civil Action<br>No. 21-19072 (CPO)<br><br>**OPINION** |

**Appearances:**

Thomas Gerard Masciocchi
Keaveney Legal Group
1000 Maplewood Drive
Suite 202
Maple Shade, NJ 08052

    *On behalf of Plaintiff Ralph F. Wilson, Jr.*


Edward W. Chang
Jonathan F. Ball
Michael P. Trainor
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103

    *On behalf of Defendant Roundpoint Mortgage Servicing Corporation.*

**O'HEARN, District Judge.**

This matter comes before the Court on a Motion to Dismiss by Defendant RoundPoint Mortgage Servicing Company ("RoundPoint"), (ECF No. 9), seeking to dismiss the Complaint filed by Plaintiff Ralph F. Wilson, Jr., (ECF No. 1) in its entirety. For the reasons that follow, the Court grants the Motion in part and denies it in part.

**I.      BACKGROUND**

Plaintiff alleges that he was the sole signatory of a Note and Mortgage that entered default status at some point prior to the filing of this case. (Compl., ECF No. 1 ¶ 2A). Plaintiff made an application for loss mitigation relief and RoundPoint, the servicer of the loan, approved Plaintiff for a mortgage modification plan on March 30, 2020. (Compl., ECF No. 1 ¶¶ 1C, 2F). Plaintiff alleges that he accepted the offer and the parties thereafter entered into a Trial Plan Payment Agreement ("TP1"). (Compl., ECF No. 1 ¶ 2F–G; Count II ¶ 9). TP1 required Plaintiff to make three payments, each in the amount of $982.94, by May 1, 2020, June 1, 2020, and July 1, 2020, in order to be eligible for loan modification. (Compl., ECF No. 1 ¶¶ 2H, 2I).

Plaintiff made four payments, each for the required amount of $982.94, to RoundPoint over the course of four months. (Compl., ECF No. 1 ¶ 2J, Exh. B). Plaintiff alleges that RoundPoint then ceased communication and maliciously refused to issue a permanent loan modification despite his completion of the requirements of TP1. (Compl., ECF No. 1 ¶¶ 2K, 2M).

At that point, RoundPoint initiated a foreclosure proceeding in the Superior Court of New Jersey, Atlantic County, Chancery Division. (Compl., ECF No. 1 ¶¶ 2A, 2M). "In order to attempt a resolution," Plaintiff was offered and again accepted a second trial period plan for a mortgage modification ("TP2") on December 17, 2020. (Compl., ECF No. 1 ¶¶ 2N, 2O, 2Q). This agreement

is identical to the first plan except for the payment amount, now $950.37, and the trial period payment due dates of February 1, 2021, March 1, 2021, and April 1, 2021.

Plaintiff alleges that he made the required TP2 payments but RoundPoint again refused to issue a permanent modification. (Compl., ECF No. 1 ¶¶ 2S, 2T). As a result, Plaintiff commenced this action on October 20, 2021 alleging: common law negligence/and or reckless indifference and/or intentional misrepresentation (Count I); breach of contract and breach of good faith and fair dealing (Count II); common law fraud and/or violation of the New Jersey Consumer Fraud Act N.J.S.A. ("CFA") (Count III); and violations of the Truth-in-Lending Act ("TILA") and Real Estate Settlement and Procedures Act ("RESPA") (Count IV).

## II.    LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2).

A district court, in deciding a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). "A motion to dismiss should be granted if the

3

plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Twombly*, 550 U.S. at 570).

"An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Van Duyne v. Stockton University*, No. 19-21091, 2020 WL 6144769, at *2 (D.N.J. Oct. 20, 2020) (quoting *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). The futility of a proposed amended pleading is evaluated under the same standard of legal sufficiency as a motion to dismiss under Rule 12(b)(6). *Travelers Indent. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010).

### III.   DISCUSSION

For the following reasons, Defendant's Motion to Dismiss, (ECF No. 9), is granted in part and denied in part. Count I (common law negligence and/or reckless indifference and/or intentional misrepresentation) is dismissed with prejudice since amendment would be futile. Count II, which asserts two claims, is dismissed in part without prejudice; Plaintiff has sufficiently stated a claim for breach of contract but the claim for breach of good faith and fair dealing is dismissed without prejudice. Count III also asserts two claims, common law fraud and/or violation of the CFA, both of which are dismissed without prejudice. Finally, Count IV also asserts two claims, violations of TILA and RESPA: the TILA claim is dismissed without prejudice, the RESPA claim alleging a violation of 12 C.F.R. § 1024.41 is dismissed without prejudice, and the RESPA claim alleging a violation of 12 C.F.R. § 1024.40 is dismissed with prejudice.

> **A.** **Plaintiff's claims for common law negligence and/or reckless indifference and/or intentional misrepresentation (Count I) are barred as a matter of law.**

Plaintiff's Complaint asserts multiple common law tort claims, each of which is precluded by the economic loss doctrine.[1]

Under the economic loss doctrine, it is well established that plaintiffs are prohibited from "recovering in tort economic losses to which their entitlement only flows from a contract." *Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir. 1995). Courts regularly dispose of these barred tort claims at the motion to dismiss stage. *See Perkins v. Washington Mutual, FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (dismissing barred negligence claim); *American Fin. Resources, Inc. v. Countrywide Home Loans Servicing, L.P.*, No. 12–7141, 2013 WL 6816394, *6 (D.N.J. Dec. 23, 2013) (dismissing barred claims for breach of fiduciary duty and implied covenants); *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 565 (D.N.J. 2002) (dismissing barred fraud claim).

New Jersey law permits an exception to the absolute bar imposed by the economic loss doctrine when a defendant "owe[s] a duty of care separate and apart from the contract between the parties." *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 314 (2002). This exception, however, is seldom allowed when a parties' relationship is governed by a comprehensive contractual agreement. *See New Mea Const. Corp. v. Harper*, 203 N.J. Super. 486, 497 (1985); *see also Int'l Minerals & Mining Corp. v. Citicorp N. America*, 736 F. Supp. 587, 597 (D.N.J. 1990) ("Where a

---

[1] While TP1 and TP2 do not appear to have choice of law provisions, the property at issue in the contracts is located in New Jersey, it was likely signed by Plaintiff in New Jersey and the parties apply the substantive law of New Jersey in their briefs without discussion. The Court sees no reason to deviate from the parties' assumptions that New Jersey law applies. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the remaining claims as though New Jersey substantive law applies, the Court will assume that to be the case.") (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999)).

party does not owe another a duty of care absent the existence of a contract, a separate duty of care cannot arise simply by virtue of the existence of the contract."). Further, "[u]nder New Jersey law, the mere existence of a mortgage agreement between plaintiff and defendant is insufficient, as a matter of law to create any duty of care owing from Defendant to Plaintiff" beyond the obligations of the contract. *Brancato v. Specialized Loan Servicing, LLC*, No. 15-6780, 2018 WL 2770137, at *9 (D.N.J. June 8, 2018) (quoting *Bank of America, N.A. v. Westheimer*, 2014 WL 809207, at *4–5 (D.N.J. Feb. 18, 2014)).

Here, Plaintiff's varied tort claims are based on a contractual relationship—namely the TP1 and TP2 agreements—and Plaintiff has not articulated an independent duty on which his claims could rely. To the extent that he relies on 12 C.F.R. § 1024.41 to state a duty, that argument fails because § 1024.41(a) expressly states that "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." To the extent that he relies on the Defendant's alleged violation of another court's order related to the foreclosure action, such a violation would be properly raised before that court and does not create an independent duty or other remedy before this Court. Thus, Plaintiff's tort claims against Defendant are barred as a matter of law by the economic loss doctrine and the Court will dismiss Count I with prejudice, for failure to state a claim.

### B.     Plaintiff states a claim for breach of contract (Count II).

Plaintiff alleges that the Defendant breached TP1 and TP2. "To prevail on a breach of contract claim under New Jersey law, a plaintiff must establish three elements: (1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages."

*Sheet Metal Workers Intern. Ass'n v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's*, 488 A.2d 1083, 1088 (N.J. Super. 1985)).

Defendant does not substantively address Plaintiff's breach of contract claim other than to state that it is "not plausible." (Motion to Dismiss, ECF No. 9 at 1). The Court disagrees.

First, Plaintiff has alleged two valid contracts: the TP1 and TP2 agreements. Defendant does not deny these agreements constituted a contract. Second, Plaintiff alleges that he upheld his side of the agreements by making timely payments, (Compl., ECF No. 1 ¶ 2J), but "[t]he Defendant did proceed to violate and breach both the TP1 and TP2 Agreements by refusing to timely issue a Permanent Modification as required by applicable regulations." (Compl., ECF No. 1, Count II ¶ 10a). Finally, Plaintiff alleges compensatory damages . (Compl., ECF No. 1, Count II ¶ 14). At this preliminary stage, the Court finds that Plaintiff has adequately stated a claim for breach of contact. Consequently, Defendant's Motion to Dismiss Count II, Plaintiff's breach of contract claim, is denied.

**C.    Plaintiff fails to state a claim for breach of good faith and fair dealing (Count II) as a matter of law.**

Plaintiff's Complaint alleges that the Defendant violated the implied covenant of good faith and fair dealing. However, "a plaintiff cannot maintain a claim for breach of the implied covenant of good faith and fair dealing when the conduct at issue is governed by the terms of an express contract." *Hahn v. OnBoard LLC*, No. 9–03639, 2009 WL 4508580, at *6 (D.N.J. Nov. 16, 2009); *see See Kapossy v. McGraw–Hill, Inc.*, 921 F. Supp. 234, 248 (D.N.J.1996) (stating that courts "imply a covenant of good faith and fair dealing in order to protect one party to a contract from the other party's bad faith misconduct . . . where there is no breach of the express terms of the contract"); *Martino v. Everhome Mortg.*, 639 F. Supp. 2d 484, 494 (D.N.J. 2009) (citing *Saltiel v. GSI Consultants, Inc.*, 170 N.J. at 316–17) ("[M]ere failure to fulfill obligations encompassed

7

by the parties' contract, including the implied duty of good faith and fair dealing, is not actionable in tort.").

Here, the conduct Plaintiff relies on to support his breach of good faith and fair dealing claim is the same conduct he presents to support his breach of contract claim—a breach of the express terms of TP1 and TP2. Plaintiff does not allege any lack of clarity or omitted terms in either agreement and a detailed review of the agreements supports a finding that their terms are straightforward. In short, because Plaintiff's breach of contact claim encompasses the same conduct of which he complains in his breach of good faith and fair dealings claim, the latter is barred. *See Hahn*, 2009 WL 4508580, at *6 (granting motion to dismiss as to an employee's claim for breach of the implied covenant of good faith and fair dealing where "[t]he resolution of Plaintiff's claim is governed by the terms of an express contract and arises out of the same action underlying Plaintiff's claim for breach of contract"); *Am. Fin. Res., Inc. v. Countrywide Home Loans Servicing, LP*, No. 12-7141, 2013 WL 6816394, at *7 (D.N.J. Dec. 23, 2013) (same). Therefore, Count II of Plaintiff's Complaint asserting a claim for breach of good faith and fair dealing is dismissed. Because Plaintiff could potentially allege conduct and seek damages for breaches that are distinct from the express terms of the TP1 and TP2, *Lukacs v. Purvi Padia Design LLC*, No. 11-9599, 2022 WL 2116868, at *3–4 (D.N.J. June 13, 2022) (declining to dismiss a plaintiff's breach of good faith and fair dealings claim "[t]o the extent that these allegations are 'extrinsic' to the express terms of the Contract"), amendment is not futile and the claim will be dismissed without prejudice.

  **D.**   **Plaintiff fails to state a claim for common law fraud and/or violation of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 *seq.* (Count III).**

When claiming fraud, Federal Rule of Civil Procedure 9(b) requires the plaintiff to allege the "essential factual background that would accompany the first paragraph of any newspaper

8

story—that is, the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir. 2006) (citation omitted). This heightened pleading standard applies to both common law fraud claims and claims for alleged violations of the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. 56:8-1 *et seq. Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) (applying Fed. R. Civ. P. 9(b) to CFA and common law fraud claims).

To state a CFA claim, a plaintiff must allege three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss. *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009). For common law fraud, under New Jersey law requires a showing that "(1) [the defendant made] a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) [the defendant had] an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Triffin v. Automatic Data Processing, Inc.*, 394 N.J. Super. 237, 246 (App. Div. 2007) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)).

Plaintiff alleges that Defendant "engag[ed] in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan." (Compl., ECF No. 1, Count III ¶ 17). He states these practices are in "direct contradiction to its promises to provide superior and legal loan servicing." (Compl., ECF No. 1, Count III ¶ 18).

The Court finds that neither Plaintiff's CFA nor common law fraud claims are alleged with sufficient specificity to comport with Rule 9(b)'s heightened pleading standard. Plaintiff references "promises" from Defendant, including generic "promises to provide superior and legal

9

loan servicing." (Compl., ECF No. 1, Count III ¶ 18). These vague allegations are insufficient as they do not identify the contents of a specific promise, who made such a promise or when. *See Stone v. Prudential Fin., Inc.*, No. 21-14610, 2021 WL 5413989, at *3 (D.N.J. Nov. 19, 2021) (dismissing claims CFA and common law fraud claims because the plaintiff did "not identify who those representatives were, what precisely he was told, what was materially misleading or false about those statements").

Plaintiff further alleges that Defendant "promised and represented that if the above TP payments were made a Permanent Modification Agreement would be issued" citing language in TP1 that says "[o]nce RoundPoint has received each of the payments above by their due dates, you have submitted two signed copies of your modification agreement, and we have signed the modification agreement, your mortgage will be permanently modified in accordance with the terms of your modification agreement." (Compl., ECF No. 1 ¶ 2I). However, Plaintiff does not identify how Defendant's "promise" in TP1 was false or misleading, or whether Defendant had knowledge or belief of the falsity. *See Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 546 (D.N.J. 2013) ("Missing is any specific allegation that Dydacomp knowingly lied to Stockroom about the system malfunction, with the intent of inducing Stockroom to purchase the faulty product."). Thus, Count III is dismissed without prejudice.

> **E.     Plaintiff fails to state a claim for violations of the Truth-in-Lending Act and Real Estate Settlement and Procedures Act (Count IV).**

Count Four of the Complaint asserts claims under both TILA, 15 U.S.C. §§ 1601 *et seq.*, and RESPA, 12 U.S.C. §§ 2601 *et seq*. Plaintiff again fails to state a claim under either statute, however amendment may not be futile and therefore the Court dismisses Count IV without prejudice.

1. **Plaintiff fails to state a claim for violation of TILA.**

The purpose of the TILA is to assure "meaningful" disclosures by mandating that required terms be "clearly and conspicuously" disclosed. *Rossman v. Fleet Bank (R.I.) Nat. Ass'n*, 280 F.3d 384, 390 (3d Cir. 2002) (citing 15 U.S.C. § 1632(a)); *Smith v. Chapman*, 614 F.2d 968, 977 (5th Cir. 1980) ("A misleading disclosure is as much a violation of TILA as a failure to disclose at all."). In order to state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564 (D.N.J. 2010). Without more, such assertions are merely "'bald assertions'" and "'legal conclusions'" without any factual support. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997).

Here, Plaintiff's Complaint completely lacks the factual basis to support a TILA claim. Plaintiff does not allege that the contractual agreements at issue included any misleading disclosures or statements, nor does Plaintiff allege that the TP1 or TP2 agreements were missing required disclosures. Further, he does not identify what specific disclosures were inaccurate or, alternatively, what information should have been disclosed by Defendant. Even construing the TILA liberally in favor of the consumer, *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 502 (3d Cir. 1998), the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Plaintiff's TILA claim in Count IV is dismissed without prejudice.

2. **Plaintiff fails to state a claim for violation of RESPA.**

To state a claim under RESPA, a plaintiff must first identify a violation of an obligation under the statute and then must allege cognizable damages under the statute. *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016)). There are two types of damages recoverable

when a loan servicer fails to comply with its RESPA duties. *Stefanowicz v. SunTrust Mortg.*, 765 F.App'x 766, 772 (3d Cir. 2019). First, the borrower may recover actual damages if he or she proves that (1) the loan servicer violated a particular RESPA requirement and (2) actual damages were sustained "as a result of the failure." 12 U.S.C. § 2605(f)(1)(A). Second, a borrower may seek statutory damages up to $2,000 if the damages are based on "a pattern or practice of noncompliance . . . " 12 U.S.C. § 2605(f)(1)(B). "[W]hen basing a claim on actual damages, the borrower has the responsibility to present specific evidence to establish a causal link between the financing institution's violations and their injuries." *Giordano*, 160 F. Supp. 3d at 781.

Here, Plaintiff alleges that Defendant violated 12 C.F.R. § 1024.40 by "failing to maintain continuity of contact" and § 1024.41 by "failing to respond to both the TP[1] and TP2 Agreement status, and, as such, the Loan Modification." (Compl., ECF No. 1, Count IV ¶¶ 25(d)(i)–(ii)). His claim under 12 C.F.R. § 1024.40 fails as a matter of law because it "is an administrative regulation only; there is no private cause of action available to enforce [it]." *Stefanowicz v. SunTrust Mortg.*, No. 16-00368, 2017 WL 1103183, at *7 (M.D. Pa. Jan. 9, 2017), *report and recommendation adopted*, No. 16-00368, 2017 WL 1079163 (M.D. Pa. Mar. 22, 2017), *aff'd,* 765 F. App'x 766 (3d Cir. 2019) (citing *Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 867, 870 (E.D. Mich. 2015)).

Conversely, 12 C.F.R. § 1024.41 provides for a private cause of action under which Plaintiff could pursue a claim. However, "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a). "Thus, it is clear that a servicer does not have to provide a borrower with any, much less a particular, loan mitigation option. Instead, Section 1024.41 appears to govern the process that a servicer must

follow if it offers a loan modification program." *Loconsole v. Wells Fargo Mortg.*, No. 17-8362, 2018 WL 3158816, at *6 (D.N.J. June 28, 2018).

Here, to the extent Plaintiff's allegation was that Defendant failed to modify his loan, § 1024.41 requires no such action and he fails to state a claim in that regard. Even giving Plaintiff the benefit of the doubt and assuming that he is challenging the process Defendant followed in evaluating TP1 and TP2, he has not pled sufficient facts to state a claim. § 1024.41 requires a servicer to evaluate a loss mitigation application within 30 days, this duty is only triggered when the borrower submits a "complete loss mitigation application more than 37 days before a foreclosure sale." 12 C.F.R. § 1024.41(c)(1). Because Plaintiff has not pled that he submitted a complete loss mitigation application let alone did so in a timely fashion, the Court cannot find that he has pled a cognizable claim.

Finally, Plaintiff fails to plead facts as to how Defendant violated these provisions, and how such violations *actually caused* his injuries. He alleges physical and emotional harm as well as economic losses in the form of "additional interest, late fees, damage to credit, counsel fees and costs." (Compl., ECF No. 1, Count IV ¶¶ 28–29). However, for his economic damages, Plaintiff has not indicated what expenses he incurred or when—or even that he actually paid them. *See Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 593 (D.N.J. 2016) ("Plaintiff's RESPA claim must be dismissed because Plaintiff fails to plead that she in fact made any payments at the allegedly inflated rates after Defendant's alleged RESPA violation.").

For all these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted under RESPA. His claim of a violation of § 1024.40 cannot be remedied by amendment and will be dismissed with prejudice but amendment may not be futile as to his claim based upon § 1024.41 and therefore that claim will be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, (ECF No. 9), is granted in part and denied in part. The following are dismissed with prejudice: Count I in its entirely (common law negligence and/or reckless indifference and/or intentional misrepresentation); and Count IV in part (the RESPA claim alleging a violation of 12 C.F.R. § 1024.40). The following are dismissed without prejudice:  Count II in part (claim for breach of good faith and fair dealing); Count III in its entirety (common law fraud and claim for violation of the CFA); and Count IV in part (TILA claim and the RESPA claim alleging a violation of 12 C.F.R. § 1024.41). Defendant's Motion is denied as to Plaintiff's Count II claim for breach of contract. An appropriate Order will follow.

*[signature: Christine A. O'Hearn]*
**CHRISTINE P. O'HEARN**
**United States District Judge**